UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

LINDA L. HALBROOK,

    Plaintiff,

v.

MICHAEL J. ASTRUE,
Commissioner of Social Security

    Defendant.
_____/

Case No. 2:07-cv-150
HON. R. ALLAN EDGAR

**MEMORANDUM**

Plaintiff brings a motion for attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). [Court Doc. No. 22]. Defendant Commissioner of Social Security opposes the motion for attorneys' fees on several grounds. [Court Doc. No. 26]. After reviewing the record, the arguments made by the parties, and the applicable law, the court has determined that Plaintiff's motion will be **DENIED**.

    **I.**    **Background**

The court has detailed the background in this case in its prior memorandum. *See* [Court Doc. No. 20]. Therefore, the court will not delve into the specific facts pertaining to Plaintiff's social security claims. On February 18, 2010 this court entered an order granting the Plaintiff's motion for summary judgment and motion for remand. [Court Doc. No. 21]. The court held that the Plaintiff's motion for summary judgment was granted "to the extent that Plaintiff seeks remand for further consideration of the evidence." *Id.* The court remanded the case to the Commissioner for further consideration of the issues as directed in this court's memorandum. *Id.*

On May 20, 2010 Plaintiff filed her motion for attorneys' fees. [Court Doc. No. 22]. Plaintiff seeks $12,511.94 in fees based on 64.9 attorney hours over three years and 9.23 law clerk hours. Plaintiff has filed a record of the time entries for each billing timekeeper, as well as the résumés of the billing attorneys and law clerks. [Court Doc. Nos. 22-5, 22-6]. On June 23, 2010 Defendant Commissioner filed his response to Plaintiff's motion for attorneys' fees. [Court Doc. No. 26].

## II. Analysis

The EAJA states in relevant part:

(d)(1)(A) Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

(B) A party seeking an award of fees and other expenses shall, within thirty days of final judgment in the action, submit to the court an application for fees and other expenses which shows that the party is a prevailing party and is eligible to receive an award under this subsection, and the amount sought, including an itemized statement from any attorney or expert witness representing or appearing in behalf of the party stating the actual time expended and the rate at which fees and other expenses were computed. The party shall also allege that the position of the United States was not substantially justified. Whether or not the position of the United States was substantially justified shall be determined on the basis of the record . . . which is made in the civil action for which fees and other expenses are sought.

28 U.S.C. § 2412(d)(1)(A) - (d)(1)(B).

As federal courts have made clear,

> in order to recover attorney fees under the EAJA, three conditions must be met: 1) the plaintiff must be a prevailing party; 2) the government's opposition must be without substantial justification; and 3) no special circumstances warranting denial of fees may exist.

*Perket v. Secretary of Health and Human Serv.*, 905 F.2d 129, 132 (6th Cir. 1990); *see also, Commisioner, I.N.S. v. Jean*, 496 U.S. 154, 158, 110 S.Ct. 2316, 2319 (1990); *Townsend v. Social Security Admin.*, 486 F.3d 127 (6th Cir. 2007); *Marshall v. Comm. of Social Security*, 444 F.3d 837, 840 (6th Cir. 2006). Further, the fee application must be filed within 30 days of the final judgment. *See* 28 U.S.C. § 2412(d)(1)(B); *Jean*, 496 U.S. at 158, 110 S.Ct. 2316.

In addition,

> "[w]hile the parties' postures on individual matters may be more or less justified, the EAJA – like other fee-shifting statutes – favors treating a case as an inclusive whole, rather than as atomized line-items." Thus, a fee applicant must meet the EAJA's four requirements only once to establish an entitlement to attorney fees and expenses.

*Townsend*, 486 F.3d at 130 (quoting *Jean*, 496 U.S. at 161-62, 110 S.Ct. 2316).

A social security plaintiff who obtains a "sentence four" remand pursuant to 42 U.S.C. § 405(g) is a "prevailing party" for purposes of the EAJA. *See e.g., Walker v. Astrue*, No. 3:08-CV-151, 2010 WL 925787, at *1 (E.D. Tenn. Mar. 8, 2010); *Melkonyan v. Sullivan*, 501 U.S. 89, 111 S.Ct. 2157 (1991). Thus, the Commissioner does not dispute that Plaintiff was a prevailing party for purposes of the EAJA; however, the Commissioner asserts that Plaintiff's request for fees was untimely and that the Commissioner's position was substantially justified. Finally, the Commissioner argues that even if the Plaintiff is entitled to fees, the amount of her request is unreasonable and should be reduced. The court will only address whether the Government's position was substantially justified as its determination on this issue renders the other issues

regarding timeliness and amount of attorneys' fees irrelevant.

The Commissioner's second main contention is that his position was "substantially justified" and that therefore, Plaintiff does not comply with this requirement of 42 U.S.C. § 405(g). The Commissioner bears the burden of demonstrating that his position was substantially justified within the meaning of the EAJA. *Pickering v. Mukasey*, 306 F.App'x 246, 248 (6th Cir. 2009).

The United States Supreme Court has defined the term "substantially justified":

> We have held that the term "substantially justified" means " 'justified in substance or in the main' – that is, justified to a degree that could satisfy a reasonable person. That is no different from the 'reasonable basis both in law and fact' formulation adopted by the Ninth Circuit and the vast majority of other Courts of Appeals that have addressed this issue. To be 'substantially justified' means, of course, more than merely undeserving of sanctions for frivolousness."

*Jean*, 496 U.S. at 158 n.6 (quoting *Pierce v. Underwood*, 487 U.S. 552, 565-566, 108 S.Ct. 2541, 2550-2551 (1988)). The Sixth Circuit has explained that "[t]he Supreme Court has equated this standard with a reasonable basis both in law and fact, and the position of the government will be deemed to be substantially justified if there is a genuine dispute, or if reasonable people could differ as to the appropriateness of the contested action." *Noble v. Barnhart*, 230 F.App'x 517, 519 (6th Cir. 2007) (citing *Pierce*, 487 U.S. at 565, 108 S.Ct. 2541).

Further it is clear that "[w]hen evaluating the Commissioner's position, [courts] consider the ALJ's decision as part of the Commissioner's pre-litigation conduct." *Noble*, 230 F.App'x at 519 (citing *Peck v. Comm'r of Soc. Sec.*, 165 F.App'x 443, 446 (6th Cir. 2006)). In *Bates v. Callahan*, an unpublished decision of the Sixth Circuit, the Court determined that "[g]iven that there was evidence to support the Commissioner's position, the district court did not abuse its

discretion in denying [plaintiff's] motion for fees under the EAJA." 124 F.3d 196, 1997 WL 588831, at *1 (6th Cir. Sept. 22, 1997).

In *Stein v. Sullivan* the Seventh Circuit addressed a circumstance in which it had found that the Secretary failed to articulate his considerations adequately. 966 F.2d 317, 320 (7th Cir. 1992). There the Court noted:

> . . . we did not find in our earlier opinion that the Secretary lacked substantial justification. We held only that there was some contrary evidence that the Secretary failed to consider, or at least failed to articulate that he considered. There was evidence to support the Secretary's position. A genuine dispute existed. Thus, we detect no error in the district court's finding that the Secretary's position was substantially justified.

*Id.* (citation omitted).

In this action the court remanded the case to the ALJ for further articulation of her findings regarding Plaintiff's credibility and for further consideration of Plaintiff's subjective pain complaints in light of her diagnosed fibromyalgia. This court concluded that the ALJ failed fully to consider Plaintiff's subjective complaints and failed to detail her findings regarding Plaintiff's credibility in light of *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234 (6th Cir. 2007). However, *Rogers* was decided after the ALJ issued her decision in this matter. *See* [Court Doc. No. 20]. In *Rogers*, as explained by this court in its memorandum opinion, the Sixth Circuit explained a particular analysis that courts and ALJs should consider when reviewing cases involving fibromyalgia. 486 F.3d at 243-44. The ALJ in this case did not have the benefit of *Rogers* when she undertook her review. Several federal courts have held that "[t]he government's position must be evaluated in light of the standards in existence when the decision was rendered." *Vo v. Astrue*, 585 F.Supp.2d 716, 720 (D.S.C. 2008) (citing *Petrella v. Sec. of*

*Health and Human Servs.*, 654 F.Supp. 174 (M.D. Pa. 1987)). Therefore, the court concludes that the ALJ's failure to consider fibromyalgia in the way the *Rogers* Court explained does not render the Commissioner's position without substantial justification.

In addition, although the ALJ may not have articulated her findings very clearly regarding Plaintiff's credibility and her rejection of the treating physician's opinion, such failures do not necessarily render the Government's position not substantially justified. For example, in *Saal v. Comm'r of Soc. Sec. Admin.* a magistrate judge in this district addressed an ALJ's failure to articulate the weight given to the treating physician's opinion. No. 1:08-cv-347, 2010 WL 2757554 (W.D. Mich. June 24, 2010). In *Saal* the magistrate judge reviewed cases involving an ALJ's failure to articulate his reasoning in the decision:

> This case involves a plaintiff who obtained a sentence-four remand because the ALJ failed to articulate good reasons for not giving weight to a treating physician's opinions. The ALJ's failure to meet the articulation requirements in a decision "in no way necessitates a finding [that the Commissioner's] position was not substantially justified." "[A]lthough there may be flaws in an ALJ's decision, which require a reversal of the denial of benefits and a remand for further consideration, this does not automatically mean that the Commissioner's decision to defend the ALJ's decision to deny benefits was not 'substantially justified.'" . . . .
>
> The ALJ's failure to articulate his reasoning with respect to this issue does not, in and of itself, establish that there was no reasonable basis for the ALJ's decision to deny benefits. This is not a case where the claimant presented overwhelming proof of disability.

*Id.* at *2 (quoting *Stein v. Sullivan*, 966 F.2d 317, 320 (7th Cir. 1992) and *Anderson v. Comm'r of Soc. Sec.*, No. 98-6284, 1999 WL 1045072 at *5 (6th Cir. Nov. 12, 1999)); *see also*, *Olive v. Comm'r of Soc. Sec.*, 534 F.Supp.2d 756, 760-61 (N.D. Ohio 2008).

As in *Saal* the Plaintiff in this action did not present overwhelming evidence of disability.

She testified that was able to complete many household tasks, including cooking, needlework, washing dishes, and housework, although it took her a substantial amount of time to complete such tasks. It is plausible that the ALJ found the Plaintiff to lack credibility in her complaints of pain based on her ability to complete such daily chores. In addition, although the ALJ did not clearly express the weight she gave to the Plaintiff's treating physician, she did note in her opinion some perceived inconsistencies in the treating physician's opinion of Plaintiff's capabilities and whether she could perform sedentary work. Moreover, as the court noted in its memorandum, it is the minority of fibromyalgia cases that render a plaintiff completely disabled. *See e.g.*, *Sarchet v. Chater*, 78 F.3d 305, 307 (7th Cir. 1996) (noting that "[s]ome people may have such a severe case of fibromyalgia as to be totally disabled from working . . . but most do not and the question is whether [plaintiff] is one of the minority"). The evidence indicated a close case regarding whether the Plaintiff is eligible for benefits and there was evidence in support of the ALJ's decision. Thus, as the magistrate judge did in *Saal*, this court concludes that the ALJ's failure to articulate does not render the Government's position without substantial justification. For this reason, the court will **DENY** Plaintiff's request for attorneys' fees pursuant to the EAJA. Due to this conclusion, the court does not need to address the remaining arguments pertaining to the timeliness of the request or an appropriate amount of attorneys' fees.

**IV.  Conclusion**

As outlined *supra*, the court concludes that Plaintiff is not entitled to an award of reasonable attorneys' fees pursuant to the EAJA because the Government's position was substantially justified. Plaintiff's motion for attorneys' fees will be **DENIED**. The Commissioner's motion to supplement will be **GRANTED**.

A separate judgment shall enter.

                                           */s/ R. Allan Edgar*
                                          R. ALLAN EDGAR
                              UNITED STATES DISTRICT JUDGE